United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEARWIRE SPECTRUM HOLDINGS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PERALTA COMMUNITY COLLEGE DISTRICT, a California public agency,<br><br>Defendant. | No. C 06-3808 SBA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER** |

This matter comes before the Court on Plaintiffs' Ex Parte Motion for a Temporary Restraining Order, Order to Show Cause re Preliminary Injunction, and Order for Expedited Discovery and Briefing Schedule [Docket No. 4]. The Court has diversity jurisdiction under 28 U.S.C. § 1332. Having read and considered the papers submitted by the parties, the Court finds this matter appropriate for disposition without a hearing.

Federal Rule of Civil Procedure 65(b) provides the district court with the authority to enter a temporary restraining order. The court may grant such injunctive relief if the plaintiff has established: (1) a likelihood of success on the merits and the possibility of immediate irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. *Metro Publishing, Ltd. v. San Jose Mercury News*, 987 F.2d 637, 639 (9th Cir. 1993); *see also Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914 (9th Cir. 2003). The two components of this test sit on a kind of sliding scale or "continuum," *Southwest Voter*, 344 F.3d at 918; thus, "the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor." *Id.*

In this case, Plaintiff requests a declaration from the Court that the parties' EBS Excess Capacity Use and Royalty Agreement entered into on December 22, 2005 (the "Agreement"), has not been terminated, and that Plaintiff has not breached the Agreement. Defendant concedes that the Agreement

has not been terminated. Defendant asserts, however, that it has provided a notice of breach to Plaintiff, and an opportunity to cure. If Plaintiff does not cure its breach, the Agreement will be terminated on July 24, 2006. Because the parties agree that the Agreement will not terminate prior to July 24, 2006, the Court finds that Plaintiff has failed to establish the possibility of *immediate* irreparable injury. The Court also finds that Plaintiff has failed to establish a need for immediate discovery.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Ex Parte Motion for a Temporary Restraining Order [Docket No. 4] is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff shall file a motion for preliminary injunction, if necessary, no later than **Tuesday, June 27, 2006.** Defendant shall file its opposition, if any, no later than Monday, **July 3, 2006.** Plaintiff shall file its reply, if any, no later than **Friday, July 7**. If Plaintiff files its motion for a preliminary injunction, it shall be heard on **Tuesday, July 18 at 1:00 p.m.** The Court may, in its discretion, adjudicate the motion without a hearing, in which case the Clerk will notify the parties that no appearance is necessary.

IT IS SO ORDERED.

Dated: 6/22/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge