Joseph E. Addiego III (CA State Bar No. 169522)
Salle E. Yoo (CA State Bar No. 182703)
DAVIS WRIGHT TREMAINE LLP
One Embarcadero Center, Suite 600
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: joeaddiego@dwt.com
salleyoo@dwt.com

Attorneys for Plaintiff
Clearwire Spectrum Holdings, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Clearwire Spectrum Holdings, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>Peralta Community College District, a California public agency,<br><br>    Defendant. | Case No. 06-03808 SBA<br><br>**ORDER GRANTING CLEARWIRE'S APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>**Hon. Saundra B. Armstrong** |

TO ALL PARTIES AND THEIR ATTORNEYS:

Having considered the papers submitted in support of and in opposition to Plaintiff CLEARWIRE SPECTRUM HOLDINGS, LLC's ("Clearwire") Application for a Preliminary Injunction, the evidence and the arguments offered by the parties in connection therewith, this Court GRANTS the Application as follows:

The Court finds as follows:

<u>Findings of Facts</u>

1.   That Clearwire did not fail to perform a material obligation under the EBS Excess Capacity Use and Royalty Agreement, entered into by CSH and Defendant on December 22, 2005

("Agreement"), specifically that the Agreement did not impose on Clearwire any material obligation to provide Defendant with a "side letter" nor "side agreement";

2.  That Defendant failed to follow the termination procedures set forth in Section 12(b) of the Agreement;

3.  That Defendant did not properly terminate the Agreement such that it remains in full force and effect;

4.  That Clearwire has performed all of its material obligations under the Agreement;

5.  That Defendant failed to perform its material obligations under the Agreement by, *inter alia*, failing and refusing to cooperate in the preparation of the FCC Long Term Lease Application;

6.  That the parties expressly agreed in the Agreement that "the rights reserved to each of them hereunder are of a special, unique, unusual and extraordinary character, and that irreparable harm would occur in the event that any of the agreements and provisions of this Agreement were not performed fully by the parties hereto in accordance with their specific terms or conditions or were otherwise breached, and that money damages are an inadequate remedy" and that each of them is "entitled to an injunction or injunctions to restrain, enjoin, and prevent breaches of this Agreement by the other party and to enforce specifically such terms and provisions of this Agreement in any state or federal court of the United States";

7.  That Plaintiff has no adequate remedy at law, in that the 2.5 GHz spectrum is extremely scarce and such spectrum is presently unavailable in Oakland and the San Francisco Bay Area.  Further, the calculation of the value of the spectrum provided to CSH under the Agreement would be extremely difficult and costly to ascertain;

Conclusion of Law

1.  That Clearwire likely will succeed on the merits regarding its claim for Declaratory Relief, including but not limited to obtaining a declaration from this Court that Clearwire has not breached any material obligation imposed on it by the Agreement, because Clearwire was not required by the Agreement to provide Defendant with the supposed side letter, and because

DAVIS WRIGHT TREMAINE LLP

Defendant did not properly follow the termination procedures under the Agreement, such that the Agreement remains in full force and effect;

    2.    That Plaintiff likely will succeed on the merits in showing that Defendant has failed to perform its material obligations under the Agreement;

    3.    That Clearwire likely will succeed on the merits regarding its claim for Specific Performance, because Clearwire has performed all of its material obligations under the Agreement, but Defendant has failed to perform its material obligations under the Agreement by not cooperating in the preparation and filing of the FCC Long Term Lease Application, and further because the spectrum like that which is the subject of the Agreement is rare and otherwise owned or encumbered in the Oakland/San Francisco Bay Area market, and damages for Defendant's failure to perform are difficult and expensive to ascertain, such that there is no adequate remedy at law that will compensate Clearwire for Defendant's failure to perform and otherwise abide by the Agreement;

    4.    That Plaintiff faces a possibility of immediate, irreparable injury unless the Court enters a preliminary injunction restraining the unlawful conduct addressed herein and, alternatively or additionally, that the balance of hardships with respect to the specifically requested restraints tips decidedly in Plaintiff's favor, as a denial of the reasonable temporary injunctive relief requested by Plaintiff would injure it far more than the granting of such relief will harm Defendant, if at all, since Defendant has not yet begun receiving monthly payments under the Agreement.

    Accordingly, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that Defendant, its officers, employees, agents, representatives and all persons active in concert and participation with any of them are enjoined and restrained from engaging in or performing any of the following:

    a.    any acts that would effect the transfer, sale, assignment or lease to any third party or otherwise dispose of or encumber any of the spectrum that is the subject of the Agreement between CSH and Defendant.

    IT IS HEREBY FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(c), this Order shall become effective upon Plaintiff's filing an appropriate undertaking of

1  $100,00.00, by August 1, 2006, and shall remain in effect throughout the course of this litigation,
2  or until further order of the Court, whichever comes earlier, and may be extended by consent or
3  upon a showing of good cause.
4
5         DATED this __18th___ day of July, 2006.
6                                          By:  _____
7                                               SAUNDRA BROWN ARMSTRONG
                                                UNITED STATES DISTRICT JUDGE